UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 08-61148-Civ-TORRES

MARCEL VILSANT and
VIRTA LOUIS XVI,

    Plaintiffs,

vs.

SAXON MORTGAGE SERVICES, INC.
and FIRST NLC FINANCIAL SERVICES, LLC,

    Defendants.
_____/

**ORDER DISMISSING COMPLAINT WITH PREJUDICE**

  This matter is before the Court upon Defendants' Motion to Dismiss Complaint [D.E. 26]. Upon review of the motion, the Court issued an Order to Show Cause on December 23, 2008, [D.E. 27] requiring Plaintiffs to respond to the motion to avoid dismissal of the complaint. Plaintiffs never filed any response to the Motion or in compliance with the Court's December 23rd Order. The pending motion is thus ripe for disposition. For the foregoing reasons, the Motion is Granted.

*I. BACKGROUND*

  This case was filed on July 22, 2008 [D.E. 1] under the Truth in Lending Act and other federal statutes arising from Plaintiffs' demand for rescission of a mortgage entered into by Plaintiffs on or about June 2, 2006. Following the parties' consent to this Court's jurisdiction, the Court entered a new scheduling Order at the parties'

request, setting the case for trial on June 29, 2009 [D.E. 21]. The Court's Order required the parties to comply with the Court's scheduling order and the Court's local rules.

On October 28, 2008, Defendants filed a motion to compel discovery [D.E. 24] that alleged that Plaintiffs had been served with several discovery requests but had never timely responded to them, in accordance with their obligations under Rule 26 of the Federal Rules of Civil Procedure. No timely response was filed by the Plaintiffs to the motion to compel. The Court then granted the motion by default on December 4, 2008, pursuant to S.D. Fla. Local R. 7.1 and the good cause shown on the face of the motion [D.E. 25].

The Court's Order granting the motion to compel specifically provided:

> Therefore, the Court hereby ORDERS Plaintiff to respond to all outstanding discovery requests (disclosures, production, and interrogatories) within seven days of this Order. As a sanction for failing to timely respond, all objections to the outstanding discovery and interrogatory requests are deemed Waived. Complete and unobjected-to answers shall be provided. *Failure to comply with this Order may result in the entry of additional sanctions, including dismissal of the case with prejudice.*

[*Id.* (emphasis added)].

Following the entry of this Order, Defendants filed the pending Motion to dismiss that alleged that, notwithstanding the Court's Order, Plaintiffs had not complied with the Order by providing the required discovery. Upon review of the motion, on December 23, 2008, the Court sua sponte issued an Order to Show Cause

to warn Plaintiffs of the imminent possibility of dismissal based on their continued refusal to comply with the Court's Orders and Rules:

> ORDER TO SHOW CAUSE.  Upon review of the Defendant's Motion to Dismiss, the Court sua sponte finds cause to issue this Order to Show Cause upon Plaintiff, to set forth why the case should not be dismissed with prejudice based upon an alleged violation of this Court's Order of December 8, 2008. Show Cause Response due by [January 9, 2009], which may be combined with the response to the Defendant's motion that shall also be filed by that date.

[D.E. 27].

This second Order clearly required the Plaintiffs to respond to the Motion and comply with the Court's December 4th Order by no later than January 9, 2009.  Yet, despite the Court's clear directive, Plaintiffs did not comply and failed to file any response by that date.  Nor have Plaintiffs filed any response in the intervening time period.

## II.   ANALYSIS

Fed. R. Civ. P. 37(b) provides for the imposition of sanctions against a party who fails to obey an order to provide or permit discovery.  As the Eleventh Circuit has warned, "there is no requirement that the opposing party moves for this order - only that it be issued and disobeyed." *Properties Int'l, Ltd. v. Turner,* 706 F. 2d 308, 310 (11th Cir. 1983).  While dismissal is a severe sanction, the "imposition of sanctions for failure to provide discovery rests with the sound discretion of the district court, and will not be overturned absent abuse of the discretion." *Id.* (affirming district court's dismissal with prejudice of foreclosure suit, and striking of answer).

A default judgment or dismissal sanction "requires a willful or bad faith failure to obey a discovery order." *Malatutea v. Suzuki Motor Co.,* 987 F.2d 1536, 1543 (11th Cir. 1993). In *Malatutea,* the Eleventh Circuit affirmed a court's sanctions of striking the defendant's answers, entering default judgment on the issue of liability, and awarding fees and costs, where the Defendant answered and objected to interrogatories "for the improper purpose of 'causing unnecessary delay, increasing the costs of litigation for the Plaintiff, and causing time for discovery to end before the Plaintiff had obtained the discovery materials she needed to litigate this case." *Id.* at 1544. As the Court explained further, a "court may appropriately sanction a party or attorney who 'shows bad faith by delaying or disrupting the litigation or by hampering enforcement of a court order.'" *Id.* at 1545-46 (citing *Hutto v. Finney,* 437 U.S. 678, 689 (1978)).

In other words, violation of a discovery order by simple negligence, misunderstanding, or inability to comply will not justify the sanction of default. *See Malautea,* 987 F.2d at 1542. Here, we find that there is abundant evidence on the record to show that Plaintiffs' continued refusal to comply with the discovery rules and the Court's Orders was and is willful. The outstanding discovery here was expressly compelled through several court orders, and Plaintiffs have not provided any explanation whatsoever of why those orders have not been complied with even at this late date.

In *Malautea,* the Eleventh Circuit determined that similar behavior by the sanctioned party was sufficient to support a finding of willfulness. *Id.* at 1543

("Neither defendant has provided a credible explanation of how it interpreted the discovery orders not to encompass the General Motors information. Neither defendant asked Judge Edenfield to clarify the orders, as a genuinely confused litigant, twice-threatened with the sanction of a default judgment, would have done. In particular, the defendants never asked Judge Edenfield to explain whether the orders covered the plaintiff's interrogatory that requested the General Motions information.").

This case falls in line with those where a party's "violation of a discovery order is deemed willful if it is demonstrated that the party consciously or intentionally fails to comply with the terms of the order." *Arbo International Foods, LLC. v. Reco Sales Corp.,* 2006 U.S. Dist. LEXIS 4004 (N.D. Ga. 2006). In *Arbor*, for instance, the plaintiff did not contest the production nor provide evidence excusing its failure to abide by the court's discovery order, and the court found the plaintiff's actions to be willful. The court further found that the plaintiff's failure to produce the documents, before the close of discovery, hindered defendant's ability to depose the plaintiff and others, and that the defendant's ability to prepare its defenses was severely prejudiced by the plaintiff's failure to comply with discovery. Accordingly, the court, concluding that no lesser sanctions would maintain the judicial process and a monetary sanction alone would not correct the prejudice created by the plaintiff's misconduct, dismissed plaintiff's complaint with prejudice. *Id.* That analysis applied here compels the same result.

Indeed, to oppose a motion for sanctions, pursuant to Rule 37(c), the non-producing party must show that its actions were substantially justified or

harmless.  *See, e.g., Stallworth v . E-Z Serve Convenience Stores,* 199 F.R.D. 366, 368 (M.D . Ala. 2001).  In determining whether a party has substantial justification for its actions, "the court should ask whether reasonable people: 'could differ as to whether the party was required to comply with the disclosure request.' The proponent's position must have a reasonable basis in law and fact.  The test is satisfied if there exists a genuine dispute concerning compliance ." *Id.* (quoting *Burney v. Rheem Mfg Co.,* 196 F.R.D. 659, 691 (M.D. Ala. 2000)).

Here, Plaintiffs have offered no substantial justification for their actions despite two motions and two Court Orders.  Plaintiffs cannot, therefore, show that reasonable people could differ as to their discovery obligations.  There is no genuine dispute here that Plaintiffs have failed to comply with several discovery orders and discovery rules in this case.

Under these circumstances, Plaintiffs are willfully, knowledgeably, and intentionally failing to comply with those orders and the Courts' discovery rules. That is plainly evident from the fact that Plaintiffs have been on express notice of the possibility of a severe sanction following Defendants' motions to compel and for sanctions, and the Court's Orders related thereto.  For instance, in *R.M. Phillips v. Insurance Co. of North America,* 633 F.2d 1165 (5th Cir.1981), where a party was seriously and repeatedly warned by the opposing party of their intention to seek sanctions, as occurred here, the court found that this warning put the party on notice, and that the party could not later plead ignorance.  *Id.*  The Fifth Circuit aptly noted:

> Appellant twice rejected attempts by appellee's counsel to resolve the discovery problem informally.  Any belief held by appellant that he had

> completely discharged his obligation under the order compelling discovery would have dissipated upon receipt of defense counsel's letter of November 8, 1979. If not, then defense counsel's letter of December 5, which threatened Rule 37 action in unequivocal language, should have inspired an appellant so imbued with good faith as this one claims to have been to consult the district court for direction or respond to opposing counsel for negotiation.

*Id.*

Here too Plaintiffs were on repeated and express notice of the possibility of severe sanctions if the Court's orders were not fully complied with and the rules followed. Plaintiffs' lack of response to the Order to Show Cause is telling, as it shows that no civil remedy that this Court can now envision would achieve compliance at this point.

Furthermore, it appears that Defendants have been seriously and materially prejudiced by Plaintiff's failure to produce the required discovery. It is impossible to know how helpful the documents would have been to Defendants because Plaintiffs have not permitted them to inspect the responsive documents. Defendants have not been able to review those documents or use them in depositions that were or could have been taken in the case. Defendants could also not have examined them with an expert who could be retained to support Defendants' theory of the case through those documents, and are not available to Defendants to support a motion for summary judgment. These facts all show that there is more than enough evidence of prejudice in the case to justify a severe sanction.

A finding of prejudice is, of course, an important component of a decision to sanction a party with dismissal or default. For example, in *Snow v. Bellamy Mfg. &*

*Repair,* 1995 WL 902210 (N.D. Ga. 1995), a district court found that the sanction of default was not appropriate, even though the violation was willful, because the plaintiff had not shown that it was prejudiced. *Id.* at *2. Having found here, however, that Defendants in this case have been and are being prejudiced, as discussed above, the Court turns next to the issue of whether a lesser sanction would adequately cure that prejudice and ensure future compliance with Court orders.

The sanction of striking the pleadings and granting default judgment is a sanction of "last resort" and is appropriate only where lesser sanctions are not adequate. *E.g., Malautea,* 987 F.2d at 1542. However, it is also true that "overleniency is to be avoided where it results in inadequate protection of discovery." *In re Liquid Carbonic Truck Drivers Chemical Poisoning Litig.,* 580 F.2d 819, 823 (5th Cir. 1978). In this case, Plaintiffs' repeated violations has seriously impacted Defendants' ability to prepare effectively for trial in defense of Plaintiffs' original claims. A lesser sanction that would cure this prejudice is not readily apparent. *See, e.g., Goforth v. Owens, M.D.,* 766 F.2d 1533, 1535 (11th Cir. 1985) (finding continuance was not appropriate to cure prejudice because it would have punished the non-offending party).

In addition, as Senior Judge King has noted, some courts have decided to instruct the jury as to negative inferences that should be drawn from violation of discovery orders, in lieu of striking the infracting party's pleadings. *Inmuno Vital, Inc. v. Telemundo Group, Inc.,* 203 F.R.D. 561, 574 (S.D. Fla. 2001). However, Judge King found that "adverse inference instructions are one of the least severe sanctions which the court can impose and, therefore, often have very little deterrent effect." *Id.* (citing

*Mosel Vitelic Corp. v. Micron Technology, Inc.,* 2001 WL 520829, at *7 (D. Del. 2001)). As Judge King also found in *Immuno Vital,* it is not entirely clear from the pleadings what the jury would have to infer in order to cure the prejudice suffered by Defendants, as Plaintiffs' repeated delays and noncompliance appears to have permeated so many areas of trial preparation.

Finally, on this last issue it is vitally important to remember that the Court has already attempted through various means to enforce the Court's discovery rules in this case. The Court has already entered an order to compel, and order sanctioning Plaintiffs for not timely complying with the Court's discovery rules, as well as an Order expressly warning that the failure to respond would result in dismissal. Thus, the record is abundant with evidence that the Court has attempted to enforce its rules in every way possible, short of dismissal or striking of pleadings. Those efforts have, unfortunately, proved unsuccessful.

Therefore, the Court is now left with no alternative but to strike Plaintiffs' pleadings in this case as a sanction for Plaintiffs' willful, repeated, and un-ending violations of this Court's discovery orders and discovery rules. This sanction includes the complaint in its entirety, thereby requiring dismissal of the case with prejudice.

### III. CONCLUSION

For the foregoing reasons, in accordance with Fed. R. Civ. P. 37, it is hereby **ORDERED AND ADJUDGED** as follows:

1. Defendants' Motion to Dismiss Complaint with Prejudice [D.E. 26] is **GRANTED**.

      2.       Plaintiffs' Complaint [D.E. 1] is **STRICKEN** and the Plaintiffs' claims are, therefore, **DISMISSED WITH PREJUDICE**.

      3.       This case is now **CLOSED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 18th day of February, 2009.

                                                       /s/ *Edwin G. Torres*
                                                    EDWIN G. TORRES
                                                    United States Magistrate Judge